# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2016-CA-00638-COA

SHAWN LABARRON DAVIS A/K/A SHAWN DAVIS A/K/A SHAWN L. DAVIS A/K/A SHAWN LABARREN DAVIS A/K/A SHAWN LABARUM DAVIS                                                          APPELLANT

v.

STATE OF MISSISSIPPI                                                          APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 04/15/2016 |
| TRIAL JUDGE: | HON. DALE HARKEY |
| COURT FROM WHICH APPEALED: | JACKSON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | OFFICE OF STATE PUBLIC DEFENDER BY: ERIN ELIZABETH BRIGGS |
| ATTORNEY FOR APPELLEE: | OFFICE OF ATTORNEY GENERAL: BY: KATY TAYLOR GERBER |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| TRIAL COURT DISPOSITION: | SENTENCED APPELLANT TO LIFE IN PRISON AFTER CONSIDERATION OF *MILLER* FACTORS |
| DISPOSITION: | AFFIRMED - 06/27/2017 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE LEE, C.J., ISHEE AND GREENLEE, JJ.**

**GREENLEE, J., FOR THE COURT:**

¶1.     In 2004, Shawn Davis was sentenced to life in prison without eligibility for parole after entering a guilty plea for a murder he participated in committing when he was sixteen years old. Mississippi law does not provide the possibility of parole for those convicted of murder under Mississippi Code Annotated section 97-3-19(1)(a) (Rev. 2014). In 2012, the United States Supreme Court held that juveniles could not be mandatorily denied the

possibility of parole when sentenced to life. *Miller v. Alabama*, 567 U.S. 460 (2012). Accordingly, post-*Miller*, Davis was granted a new sentencing hearing. After a consideration of the nonexhaustive *Miller* factors, the court again sentenced Davis to life without excepting him from the parole prohibition. Davis appeals. Finding no abuse of discretion, we affirm.

**FACTS AND PROCEEDINGS BELOW**

¶2.     In 2002, sixteen-year-old Shawn Davis, Anthony Booker, and seventeen-year-old Mary Scarborough plotted to rob Dorian Johnson, Scarborough's fifty-something-year-old former boyfriend.[1] Johnson had allegedly been stalking Scarborough. While planning the robbery, Davis suggested that they should kill Johnson as well. Davis called Johnson and arranged for Johnson to pick Davis up and take them to a park to smoke marijuana. Scarborough and Booker also drove to the park. Booker and Davis dragged Johnson out of his car at knifepoint, and beat and kicked Johnson.

¶3.     When Johnson fell unconscious, they put him in the back of Johnson's jeep and drove him to an alligator pit. On the way, Johnson revived and Davis began beating him again. The pit was closed, so they drove to another location and pulled Johnson out of the vehicle and under a fence before resuming kicking and beating him. Davis then took the knife and repeatedly slashed Johnson's face, neck, and head. After Johnson stopped moving, they searched and robbed Johnson's body before leaving the scene. According to the autopsy

---

[1] These facts are taken from the transcript of Davis's plea hearing, the transcript of Scarborough's trial and subsequent appeal in *Scarborough v. State*, 956 So. 2d 382 (Miss. Ct. App. 2007), and the transcript of Davis's post-conviction *Miller* hearing. At Scarborough's trial, Davis testified that it was his idea to kill (in addition to rob) Johnson, and that he did most of the kicking and beating, and all of the slashing.

testimony, Johnson likely died several hours later due to a combination of blood loss, brain swelling, and internal damage to vital organs. He had over thirty stab wounds.

¶4.    Davis pleaded guilty to simple murder under Mississippi Code Annotated section 97-3-19(1)(a) and was sentenced to life in prison.[2] Mississippi's statutory parole scheme prohibits parole eligibility for those convicted of murder, effectively making Davis's sentence life without the possibility of parole. Miss. Code Ann. § 47-7-3 (Rev. 2012).

¶5.    In 2012, the United States Supreme Court held that mandatory life sentences for juveniles violates the Eighth Amendment of the United States Constitution. *Miller*, 567 U.S. at 465. The court did not categorically ban the imposition of life without the possibility of parole, but instead held that, prior to sentencing a juvenile to life without parole, the sentencing authority must consider "the characteristics of youth," including nonexhaustive factors such as the defendant's chronological age, his family and home environment, the circumstances of the homicide offense (including the extent of the defendant's participation), and the possibility of rehabilitation. *Id*.

¶6.    The Mississippi Supreme Court acknowledged *Miller* in *Parker v. State*, 119 So. 3d 987 (Miss. 2013), noting that, prior to sentencing a juvenile to life without the possibility of parole, *Miller* requires "the sentencing authority to take into account how children are different, and how those differences counsel against irrevocably sentencing them to a lifetime in prison." *Id*. at 995 (¶19) (quoting *Miller*, 567 U.S. at 480). If, after considering the *Miller*

---

[2] The plea reduced Davis's charge from capital murder, which would have included the death penalty as a sentencing option. Several months after the entry of Davis's plea, the United States Supreme Court held that juveniles could not be sentenced to death. *Roper v. Simmons*, 543 U.S. 551, 578 (2005).

factors, the trial court concludes that a defendant should receive life with the possibility of parole, then "the court shall enter a sentence of 'life imprisonment with eligibility for parole notwithstanding the present provisions of Mississippi Code Section 47-7-3(1)(h).'" *Parker*, 119 So. 3d at 999 (¶28).

¶7. At the resentencing hearing, the court heard testimony from several of Davis's family members, who testified that he was raised in a dysfunctional household with a mother who abused drugs and alcohol.

## DISCUSSION

¶8. *Miller* applies retroactively to cases on collateral review. *Jones v. State*, 122 So. 3d 698, 703 (¶18) (Miss. 2013). Our standard of review for a trial court's imposition of a sentence is abuse of discretion. *Hudspeth v. State*, 179 So. 3d 1226, 1228 (¶12) (Miss. Ct. App. 2015).

¶9. We do not find the trial court abused its discretion in applying the *Miller* sentencing factors to conclude that Davis should be sentenced to life without the possibility of parole. The circumstances of this case are not meaningfully distinguishable from those of *Hudspeth*, in which this Court affirmed the trial court's imposition of a life sentence without parole after consideration of the *Miller* factors. *Id*. In particular, the circumstances of the crime and Davis's level of participation are not in his favor. It was Davis's premeditated idea to kill the victim in addition to robbing him, and it was Davis who slashed the victim more than thirty times with a knife. No evidence was presented that Davis "succumbed to any peer pressure in committing the crime." *Id*. at (¶9).

4

¶10. Davis also argues that Mississippi should treat life sentences without parole for juveniles as unconstitutional, and that a jury, rather than a judge, should determine a *Miller* sentence. Our state Supreme Court post-*Miller* has treated life without parole as a sentencing option and the trial judge as an appropriate sentencing authority. *Parker*, 119 So. 3d at 998 (¶26) ("We . . . remand for hearing where the trial court, as the sentencing authority, is required to consider the *Miller* factors before determining sentence."). These issues are therefore without merit.

**CONCLUSION**

¶11. Davis was appropriately granted a resentencing hearing for the sentencing authority to consider the characteristics of youth in compliance with *Miller*. The trial court considered the *Miller* factors, and we do not find that it abused its discretion in sentencing Davis to life without an exception from the parole prohibition.

¶12. **THE JUDGMENT OF THE JACKSON COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO JACKSON COUNTY.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, CARLTON AND FAIR, JJ., CONCUR. WILSON, J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION. WESTBROOKS, J., CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION.**